**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Joy Nipe,**

**Plaintiff,**

**v.**

**PSINET,**

**Defendant.**

**Civil No. 01-131 JMR/SRN**

**REPORT AND RECOMMENDATION**

---

Larry C. Lucht, Esq. and Chris A. Nipe, Esq. on behalf of Plaintiff Joy Nipe.

Marcy R. Frost, Esq. and Stephen W. Robinson, Esq. on behalf of Defendant PSINET.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on May 16, 2001, on Defendant's Motion to Dismiss Counts Two Through Seven of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 7.) The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendant's Motion to Dismiss be denied as moot as to Counts Three and Four and granted, with leave to amend, as to Counts Two, Five, Six, and Seven.

## I. BACKGROUND

Plaintiff Joy Nipe was the Executive Vice President of Regional Consulting Services for Metamor, Inc., the predecessor company of Defendant PSINET, Inc.[1] (Compl. ¶ 1.) In June,

[1]This case is a diversity action by Plaintiff Joy Nipe, a Minnesota resident, against Defendant PSINET, Inc. a corporation organized under the laws of the State of New York, with a

FILED JUN 15 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

2000, in anticipation of the pending acquisition, Metamor sent Plaintiff a retention letter offering Plaintiff an award of stock options, valued at $225,000, in the event that Defendant's acquisition of Metamor was completed by September 30, 2000. (Compl. ¶ 3; Ex. A.) The letter outlined the terms by which the stock options would "vest" and included a salary severance option. (Id.) In pertinent part the letter stated:

> If, at any time commencing the date of the closing until the day before the eighteen [sic] month anniversary of the closing, (A) your employment is terminated without "cause" by the Company (as defined below), or (B) you provide the Company with two weeks' written notice of your intent to resign no more than one month after being informed of (i) a required relocation to an office which is at least thirty-five miles from your current office or would increase your then commuting time by at least one hour per round trip, (ii) a reduction in the base salary you then hold, or (iii) a demotion resulting in (a) a substantial loss of authority you then hold or (b) a substantial and adverse change in the responsibility or position you then hold (other than a change in any title, officer position or director position, that you then hold), your options shall vest on your termination date and may be exercised, from the day after the revocation period described below expires until twenty-three months after the closing. Alternatively, you may elect to receive a monetary payment equal to the dollar amount specified in the first paragraph of this letter, less legally-required withholdings, if you ensure that the Company has received written instructions from you no later than 5 business days after the termination of your employment that the company is authorized to cancel the stock options issued pursuant to this letter agreement and, instead, pay you the monetary payment.

(Compl. Ex. A.) Plaintiff alleges that on September 28, 2000, Defendant announced a reorganization of the company, which resulted in the elimination of her position, a demotion, and a substantial and adverse change to her job responsibilities. (Compl. ¶ 5.) On October 24, 2000,

---

primary place of business in Virginia. (Compl. ¶ A.)

Plaintiff notified Defendant that she would forgo the offer of stock options and instead receive a one year salary severance payment of $225,000. (Compl. ¶ 6.) Defendant denied Plaintiff's request, prompting Plaintiff to bring this action. The Complaint sets forth the following causes of action: (1) breach of contract; (2) detrimental reliance; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) estoppel; (6) ratification; and (7) fraud. (Compl. pp. 4-6.)

## II. ANALYSIS

In considering a Rule 12(b)(6) motion to dismiss, the Court assumes all facts alleged in the complaint as true. Hishon v. 799 King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

### A. COUNT TWO: DETRIMENTAL RELIANCE

Plaintiff acknowledges that the allegation of detrimental reliance in Count Two should not be set forth as a separate cause of action and does not object to dismissing this Count. (Pl.'s Mem., Doc. No. 9, p. 3.) Plaintiff asks, however, that the theory of detrimental reliance not be stricken from the pleading altogether and requests permission to assert detrimental reliance in conjunction with her other claims. (Id.) Detrimental reliance is not a separate cause of action but "is an essential element of a number of causes of action, including those of promissory estoppel, which sounds in contract, and fraud, which sounds in tort." Nicollet Restoration, Inc. v. City of St. Paul, 533 N.W.2d 845, 846 n.2 (Minn. 1995) (citations omitted). Because detrimental

reliance is not a separate cause of action, the Court recommends granting Defendant's motion to dismiss Count Two, without prejudice, permitting Plaintiff leave to amend the Complaint to plead detrimental reliance as appropriate in connection with one or more other causes of action by **Tuesday, July 3, 2001.**

### B. COUNTS THREE AND FOUR

Plaintiff asserts a claim for intentional infliction of emotional distress in Count Three, and in the alternative, negligent infliction of emotional distress in Count Four. At the hearing, Plaintiff agreed to withdraw these Counts. Therefore, the Court recommends that Defendant's Motion to dismiss Counts Three and Four be denied as moot.

### C. COUNTS FIVE AND SIX: ESTOPPEL AND RATIFICATION

Defendant argues, inter alia, that Count Five alleging estoppel and Six alleging ratification should be dismissed because neither claim creates a separate cause of action under Minnesota law.[2] (Def.'s Mem., Doc. No. 8, pp. 7-8.)

The word estoppel "means simply that someone is 'stopped' from claiming or saying something; usually he is stopped from saying the true facts or claiming a lawful claim." Snyder v. City of Minneapolis, 441 N.W.2d 781, 790 (Minn. 1989) (quotation omitted). Estoppel does not create a theory of recovery, but is an affirmative defense. Id.; Sports Page, Inc. v. First

---

[2]Count Five alleges a claim of "estoppel" and states that "Defendant is estopped from its own conduct in contesting the terms of the June 5, 2000 agreement letter in that with full knowledge of such agreement, it accepted the benefits, talent and expertise of the continued employment of Joy Nipe." (Compl. Count 5, ¶ 2.)

Count Six alleges that "Defendant ratified by its own conduct the terms of the June 5, 2000 agreement letter in that, with full knowledge of such agreement, it accepted the benefits, talent and expertise of the continue employment of Joy Nipe." (Compl., Count 6, ¶ 2.)

Union Management, Inc., 438 N.W.2d 428, 431 (Minn. Ct. App. 1989). Similarly, ratification is also an affirmative defense. See Lucas v. Lucas, 946 F.2d 1318, 1325 (8th Cir. 1991); Anderson v. First Nat. Bank of Pine City, 303 Minn. 408, 411, 228 N.W.2d 257, 259 (1975). Ratification occurs when one having full knowledge of all material facts confirms, approves or sanctions a previous act done on behalf of the principal without authority." Centennial Ins. Co. v. Zylberberg, 422 N.W.2d 18, 21 (Minn. Ct. App. 1988).

In her responsive brief, and at the hearing, Plaintiff argued that the "estoppel" and the "ratification" allegations should be viewed in conjunction with her breach of contract and fraud claims and in furtherance of an implied contract theory. The Complaint alleges breach of contract and fraud, which if properly drafted, may stand as independent causes of actions. However, if Plaintiff intends to assert supporting legal theories to bolster these claims she must amend her Complaint, but the Complaint can not properly assert affirmative defenses as separate causes of action.

Because estoppel and ratification may not stand as independent causes of action, the Court recommends that Defendant's motion to dismiss Counts Five and Count Six should be granted without prejudice, permitting Plaintiff leave to amend the Complaint to further clarify her legal claims for breach of contract and fraud by **Tuesday, July 3, 2001.**

**D. COUNT SEVEN: FRAUD**

Count Seven alleges that "by being aware of the June 5, 2000 letter agreement referred to above and not intending to honor it, and by continuing to accept the talent and expertise of the plaintiff by her continuing employment, the defendant perpetrated a fraud upon the plaintiff." (Compl., Count 7, ¶ 2.) The Complaint also states that Defendant's actions were "intentional and

willful." (Id., ¶ 3.) Defendant seeks to dismiss Count Seven, arguing that the it fails to state a fraud claim with the requisite degree of specificity. (Def.'s Mem., Doc. No. 8, p. 9.)

Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud . . . be stated with particularity." Rule 9(b) requires that the complaint set forth, in detail, such matters as the time, place, and contents of the false representations and the identity of the person making the representation of the alleged fraud. In re Grand Casinos, Inc. Securities Litig., 988 F.Supp. 1273, 1281 (D. Minn. 1997) (citing DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990). The circumstances constituting fraud must be concrete and sufficiently particularized to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud. Greenwood v. Dittmer, 776 F.2d 785, 789 (8th Cir. 1985). Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. In re Flight Transp. Corp. Securities Litig., 593 F.Supp. 612, 620 (D. Minn.1984)

In response to Defendant's motion, Plaintiff states that "we will move to amend [the] pleadings to specify the fraud." (Pl.'s Mem., Doc. No. 9, p. 9.) Because Plaintiff acknowledges that the Complaint is insufficient, the Court recommends that Defendant's Motion to Dismiss Count Seven be granted without prejudice and that Plaintiff be granted leave to amend the Complaint to allege a claim of fraud with greater particularity. The Court also recommends that any such amendments should be made by **Tuesday, July 3, 2001.**

## III. RECOMMENDATION

For the foregoing reasons, and based upon all of the files, records, and proceedings herein, it is hereby recommended that Defendant's Motion to Dismiss Counts Two Through Seven be denied as moot in part and granted in part as follows:

(1) Defendant's Motion to Dismiss Counts Three and Four (Doc. No. 7) be **DENIED AS MOOT**;

(2) Defendant's Motion to Dismiss Counts Two, Five, Six and Seven be **GRANTED**;

(3) Counts Two, Five, Six, and Seven be **DISMISSED WITHOUT PREJUDICE**; and

(4) Plaintiff be given leave to amend the complaint, consistent with this recommendation, by **Tuesday, July 3, 2001.**

Dated: June 14, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.